# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| TRINITY SKY ALSTON | ) | Case Number: 5:23-CR-210-2FL |
|  | ) | USM Number: 66495-510 |
|  | ) | Leza Lee Driscoll / Rosemary Godwin |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1), | Conspiracy to Commit Sex Trafficking of a Minor | 6/22/2022 | 1 |
| 18 U.S.C. § 1591(a)(2), | | | |
| 18 U.S.C. § 1591(b)(1) | | | |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   3 and 4   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/10/2025
Date of Imposition of Judgment

*/s/ Louise V. Flanagan*
Signature of Judge

Louise W. Flanagan, United States District Judge
Name and Title of Judge

10/10/2025
Date

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1), 18 U.S.C. § 1591(b)(1), and 18 U.S.C. § 2 | Sex Trafficking of a Minor 13 Years Old or Younger and Aiding and Abetting | 6/22/2022 | 2 |

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
128 months. This term consists of 128 months on each Counts 1 and 2, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
It is respectfully requested that defendant receive the following while incarcerated: most intensive treatment for addiction or dependency; a comprehensive mental health assessment and any mental health treatment; further education and vocational training. The court recommends that defendant serve her term in FCI Alderson, West Virginia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

10 years. This term consists of 10 years on each Counts 1 and 2, to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate as directed in a program approved by the probation office for the treatment of addiction or dependency, which will include urinalysis testing and other drug detection measures and might require the defendant to reside or participate in a residential treatment facility.

The defendant shall abstain from alcohol, abstain from being around people who are drinking alcohol, abstain from going to places whose primary product is alcohol, and abstain from using any medicine containing alcohol without the permission of the probation officer or a prescription from a licensed physician.

The defendant shall participate in a mental health treatment program as directed by the probation office.

For the period of time there is any restitution ordered to be paid that remains due or owing, the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation office and shall provide the probation office with access to any requested financial information. These two conditions shall be terminated if no restitution is ordered.

The defendant shall have no direct or indirect contact at any time or for any reason with the victim, the victim's family, or affected parties in this matter unless the defendant receives specific written authorization in advance by the United States Probation Office.

The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating sex offenders approved by the probation office.

The defendant shall participate in sex offender treatment program as directed by that office. The defendant shall comply with and abide by all rules, requirements, and conditions of the treatment program until discharged, and the defendant shall take any medicine prescribed by the treatment provider.

At the direction of the probation office, the defendant shall submit to physiological testing, which will include but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with supervised release and treatment conditions.

The defendant's residence and employment must be approved by the probation office, and any proposed change must be provided to that office at least ten days before and preapproved before any change can take place.

The defendant must comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation office, the Bureau of Prisons, any state sex offender registration agency in the location the defendant resides, works, are a student, or were convicted of a qualifying offense.

The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer network, bulletin board, internet, internet service providers or exchange formats involving computers unless approved by the probation office.

To ensure compliance, the defendant shall submit to unannounced searches of any computer or computer equipment which, in the discretion of the probation office, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals, and such examination may require the removal of the device or devices from the defendant's possession for the purpose of conducting a thorough inspection.

At the direction of the probation office, the defendant shall agree to the installation of systems or software that will allow the probation office or its designee to monitor computer use on any computer the defendant owns or is authorized to use, and the defendant shall pay the cost of this monitoring.

DEFENDANT:   TRINITY SKY ALSTON
CASE NUMBER:   5:23-CR-210-2FL

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not use, possess, or control any computer-based counter forensic tool. The defendant shall not use or have installed any program specifically and solely designated to encrypt files, folders or volumes of any media, and the defendant shall, upon request, immediately provide the probation office with any and all passwords required to access data compressed or encrypted for storage by any software.

The defendant shall not be employed in any position or participate as volunteer in any activity that involves direct or indirect contact with children under the age of 18 unless the defendant has written permission from the probation office. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of 18.

The defendant shall support her dependents.

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and the effects thereof, if there is a reasonable suspicion to think the defendant violated a condition of supervised release or engaged in unlawful conduct, or by any probation officer in the lawful discharge of the officer's supervisory functions.

The probation officer shall consider the necessity for appointment of a guardian ad litem, given this defendant's mental affirmities.

The probation office shall, to the extent of its abilities, assist the defendant in applying for Social Security Disability Benefits.

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ | $ |

☑ The determination of restitution is deferred until  90 days . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TRINITY SKY ALSTON
CASE NUMBER: 5:23-CR-210-2FL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Payment of restitution shall be due immediately. If the defendant does not have the ability to pay it immediately, the defendant shall pay it through the Inmate Financial Responsibility Program at the rate of $25 per quarter. Any balance owing when the defendant gets out of prison, the defendant will begin paying at the rate of $50 a month upon 60 days from release from prison. If the probation office thinks a different payment schedule is appropriate, the probation officer shall have discretion to change it.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Brieania Shidae Pinnock 5:23-CR-210-1FL | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.